METHFESSEL & WERBEL, ESQS.
2025 Lincoln Highway, Suite 200
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
+1(732) 248-2355
mailbox@methwerb.com
Attorneys for Belleville Board of Education
Our File No.  79841 ASW

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LORAINE GAMMARO<br><br>　　　　Plaintiff,<br><br>V.<br><br>BELLEVILLE BOARD OF EDUCATION, AND JOHN DOES 3-10 AND JANE DOES 11-20 (NAMES BEING FICTITIOUS)<br><br>　　　　Defendants. | Civil Action No. 2:14-cv-05852-CCC-JBC<br><br>Civil Action<br><br>**DEFENDANT BELLEVILLE BOARD OF EDUCATION'S PARTIAL ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant, Belleville Board of Education (hereinafter referred to as the "Board" and/or "Defendant"), by way of Partial Answer to the Complaint filed herein, says [1]:

**"PARTIES"**

1. Admitted.

2. Admitted.

3. Denied that Plaintiff was "wrongfully non-renewed"; otherwise, neither admitted nor denied and Plaintiff is left to her proofs.

---

[1] As Defendant has simultaneously moved to dismiss the Second Count of Plaintiff's Complaint, Defendant's Answer omits responses to that Count.

## "FACTUAL ALLEGATIONS"

4. Admitted only to the extent that Plaintiff was an employee of the Board; otherwise, neither admitted nor denied and Plaintiff is left to her proofs.

5. Neither admitted nor denied and Plaintiff is left to her proofs.

6. Neither admitted nor denied and Plaintiff is left to her proofs.

7. Neither admitted nor denied and Plaintiff is left to her proofs.

8. Neither admitted nor denied and Plaintiff is left to her proofs.

9. Neither admitted nor denied and Plaintiff is left to her proofs.

10. Admitted only to the extent that Plaintiff served as Principal of Belleville Elementary School Number 9; otherwise, neither admitted nor denied as to the dates during which Plaintiff served as Principal of Belleville Elementary School Number 9 and Plaintiff is left to her proofs.

11. Admitted only to the extent that Plaintiff served as Principal of Belleville Elementary School Number 9 and Supervisor of English as a Second Language; otherwise, neither admitted nor denied as to the dates during which Plaintiff served as Principal of Belleville Elementary School Number 9 and Supervisor of English as a Second Language and Plaintiff is left to her proofs.

12. Admitted only to the extent that Plaintiff was employed by the Board and served as Principal of Belleville Elementary School Number 9; otherwise, neither admitted nor denied and Plaintiff is left to her proofs.

13. Admitted.

14. Neither admitted nor denied and Plaintiff is left to her proofs.

15. Neither admitted nor denied and Plaintiff is left to her proofs.

16. Neither admitted nor denied and Plaintiff is left to her proofs.

17. Neither admitted nor denied and Plaintiff is left to her proofs.

18. Neither admitted nor denied and Plaintiff is left to her proofs.

19. Neither admitted nor denied and Plaintiff is left to her proofs.

20. Neither admitted nor denied and Plaintiff is left to her proofs.

21. Neither admitted nor denied and Plaintiff is left to her proofs.

22. Neither admitted nor denied and Plaintiff is left to her proofs.

23. Neither admitted nor denied and Plaintiff is left to her proofs.

24. Neither admitted nor denied and Plaintiff is left to her proofs.

25. Neither admitted nor denied and Plaintiff is left to her proofs.

26. Neither admitted nor denied and Plaintiff is left to her proofs.

27. Neither admitted nor denied and Plaintiff is left to her proofs.

28. Neither admitted nor denied and Plaintiff is left to her proofs.

29. Neither admitted nor denied and Plaintiff is left to her proofs.

30. Neither admitted nor denied and Plaintiff is left to her proofs.

31. Neither admitted nor denied and Plaintiff is left to her proofs.

32. Neither admitted nor denied that Councilwoman Marie Strumolo Burke is Plaintiff's mother-in-law and Plaintiff is left to her proofs; otherwise admitted.

33. Neither admitted nor denied and Plaintiff is left to her proofs.

34. Admitted only to the extent that a non-renewal notice was issued to Plaintiff; otherwise, neither admitted nor denied and Plaintiff is left to her proofs.

35. Admitted.

36. Neither admitted nor denied and Plaintiff is left to her proofs.

37. Neither admitted nor denied and Plaintiff is left to her proofs.

38. Neither admitted nor denied and Plaintiff is left to her proofs.

39. Neither admitted nor denied and Plaintiff is left to her proofs.

40. Neither admitted nor denied and Plaintiff is left to her proofs.

41. Neither admitted nor denied and Plaintiff is left to her proofs.

42. Neither admitted nor denied and Plaintiff is left to her proofs.

43. Neither admitted nor denied and Plaintiff is left to her proofs.

44. Neither admitted nor denied and Plaintiff is left to her proofs.

45. Neither admitted nor denied and Plaintiff is left to her proofs.

46. Neither admitted nor denied and Plaintiff is left to her proofs.

47. Neither admitted nor denied and Plaintiff is left to her proofs.

48. Admitted only to the extent that an employee has the ability to request a public hearing with regard to the Board's discussion of the employment status of the employee; otherwise, neither admitted nor denied and Plaintiff is left to her proofs.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## FIRST COUNT
"Violation of Rice Rights and
New Jersey Open Public Meetings Act N.J.S.A. 10:4-6 et seq."

53. Defendant repeats each and every answer to the allegations contained in the previous paragraphs and makes the same a part hereof as if set forth at length herein.

54. Neither admitted nor denied and Plaintiff is left to her proofs.

55. Neither admitted nor denied and Plaintiff is left to her proofs.

56. Denied.

57. Denied.

58. Denied.

WHEREFORE, Defendant Belleville Board of Education demands judgment against Plaintiff Loraine Gammaro, dismissal of the suit with prejudice and an award of fees, costs and such other relief as the Court may deem just and equitable.

## THIRD COUNT
"Retaliation for Political Affiliation Protected by the
First Amendment of the United States Constitution and in Violation of
42 U.S.C. § 1983 and Article I Paragraph 6 of the New Jersey Constitution"

66. Defendant repeats each and every answer to the allegations contained in the previous paragraphs and makes the same a part hereof as if set forth at length herein.

5

67. Admitted only to the extent that Plaintiff was employed by the Board and served as Principal of Belleville Elementary School Number 9; otherwise, neither admitted nor denied and Plaintiff is left to her proofs.

68. Admitted.

69. Neither admitted nor denied and Plaintiff is left to her proofs.

70. Neither admitted nor denied and Plaintiff is left to her proofs.

71. Denied.

WHEREFORE, Defendant Belleville Board of Education demands judgment against Plaintiff Loraine Gammaro, dismissal of the suit with prejudice and an award of fees, costs and such other relief as the Court may deem just and equitable.

### FOURTH COUNT
### "Violation of New Jersey Law Against Discrimination N.J.S.A. 10:5-12"

72. Defendant repeats each and every answer to the allegations contained in the previous paragraphs and makes the same a part hereof as if set forth at length herein.

73. Denied.

74. Denied.

75. Denied.

WHEREFORE, Defendant Belleville Board of Education demands judgment against Plaintiff Loraine Gammaro, dismissal of the suit with prejudice and an award of fees, costs and such other relief as the Court may deem just and equitable.

**FIRST SEPARATE DEFENSE**

The accident and/or injuries allegedly sustained were caused and/or contributed to by the negligence of the Plaintiff and Plaintiff's claim, accordingly, is barred or diminished by application of the Comparative Negligence Statute.

**SECOND SEPARATE DEFENSE**

The accident and injuries allegedly sustained were caused and/or contributed to by the acts of third persons over whom these Defendants had no control.

**THIRD SEPARATE DEFENSE**

This Defendant breached no duty due and owing to the Plaintiff.

**FOURTH SEPARATE DEFENSE**

The Complaint herein fails to set forth a cause of action as against this Defendant.

**FIFTH SEPARATE DEFENSE**

Plaintiff's claims are barred by the applicable statutes of limitations.

**SIXTH SEPARATE DEFENSE**

Plaintiff's Complaint is barred by the Doctrine of Waiver and Estoppel.

**SEVENTH SEPARATE DEFENSE**

The claims of the Plaintiff are barred by virtue of the Statute of Limitations.

**EIGHTH SEPARATE DEFENSE**

Any and all claims of the Plaintiff are barred by reason of lack of jurisdiction over this Defendant due to lack of service of process.

### NINTH SEPARATE DEFENSE

Any and all claims of the Plaintiff are barred by reason of lack of personal jurisdiction over this Defendant.

### TENTH SEPARATE DEFENSE

While denying any negligence on the part of this Defendant, should it be adjudged otherwise, then Defendant's liability should be limited as provided by the terms and provisions of the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq.

### ELEVENTH SEPARATE DEFENSE

The damages, if any, sustained by the Plaintiff are barred or otherwise limited by virtue of the New Jersey Comparative Negligence Laws, N.J.S.A. 2A:15-5.1, et seq.

### TWELFTH SEPARATE DEFENSE

Plaintiff's claim is barred or should be diminished by virtue of the terms and provisions of N.J.S.A. 59:2-l, et. seq.

### THIRTEENTH SEPARATE DEFENSE

The claim of the Plaintiff is barred or should be diminished by virtue of N.J.S.A. 59:3-l, et. seq.

### FOURTEENTH SEPARATE DEFENSE

The claim of the Plaintiff is barred or should be diminished by virtue of N.J.S.A. 59:8-l, et. seq.

### FIFTEENTH SEPARATE DEFENSE

The claim of the Plaintiff is barred or should be diminished by virtue of N.J.S.A. 59:9-l, et. seq.

**SIXTEENTH SEPARATE DEFENSE**

At all times mentioned in the Complaint, any and all actions or omissions of these parties relating in any way to Plaintiff's alleged damages involved decisions of these parties within an area of non-actionable governmental discretion. By virtue of the said premises, these parties are not liable to any party herein.

**SEVENTEENTH SEPARATE DEFENSE**

This action is barred as to these parties by reason of the failure of the party asserting a claim against these parties to present a notice of claim pursuant to the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq.

**EIGHTEENTH SEPARATE DEFENSE**

These parties are public entities within the meaning of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq., and, by virtue of the said New Jersey Tort Claims Act and its various provisions, these parties are not liable to any party herein and any recovery by any party herein is subject to the limitations set forth is said Act.

**NINETEENTH SEPARATE DEFENSE**

The accident and injuries allegedly sustained were caused or contributed to by the acts of third persons over whom this Defendant had no control.

**TWENTIETH SEPARATE DEFENSE**

This Defendant denies that it was negligent, breached any duty allegedly owed Plaintiff, or that it deviated from any accepted standard applicable to them.

**TWENTY-FIRST SEPARATE DEFENSE**

Any award of punitive damages against this Defendant in this action would violate the constitutional safeguards provided to this Defendant under, separately and severally, Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States.

**TWENTY-SECOND SEPARATE DEFENSE**

Any award of punitive damages against this Defendant in this action would violate the constitutional safeguards provided to this Defendant under the Constitution of the State of New Jersey.

**TWENTY-THIRD SEPARATE DEFENSE**

Any award of punitive damages against this Defendant would violate the constitutional safeguards provided to this Defendant under, separately and severally, Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth and/or Fourteenth Amendments to the Constitution of the United States and provisions of the Constitution of the State of New Jersey on the following separate and several grounds:

    (a)    That civil procedures pursuant to which punitive damages are awarded fail to provide for adequate, detailed, written instructions give to the jury.

    (b)    That civil procedures pursuant to which punitive damages are awarded fail to provide for a bifurcated trial.

    (c)    That civil procedures pursuant to which punitive damages are awarded fail to provide verdicts that delineate amounts of actual and punitive damages.

**TWENTY-FOURTH SEPARATE DEFENSE**

The imposition of punitive damages against this Defendant would constitute grossly excessive punishment in violation of this Defendant's rights under the due process laws of the United States Constitution based on the decision of the United States Supreme Court in <u>B.M.W. of North America, Inc. v. Gore</u>, 116 S.Ct. 1589 (1996).

**TWENTY-FIFTH SEPARATE DEFENSE**

The imposition of punitive damages in this case would be in denial of this Defendant's rights to equal protection of the laws as guaranteed by the Fourth Amendment of the United States Constitution in that the imposition would treat this Defendant differently from other defendants, criminal or otherwise, which are charged for similar or identical culpability.

**TWENTY-SIXTH SEPARATE DEFENSE**

This Defendant specifically reserves and reasserts its rights to plead other defenses as discovery proceeds.

**TWENTY-SEVENTH SEPARATE DEFENSE**

This Defendant was not guilty of any negligence or other wrongdoing contributing to the happening of the damages or injuries which are the subject matter of this action.

**TWENTY-EIGHTH SEPARATE DEFENSE**

This Defendant was not guilty of any negligence or other wrongdoing which was in whole, or in part, the proximate cause of the incident or of the damages or injuries which are the subject matter of this action.

### TWENTY-NINTH SEPARATE DEFENSE

The incident(s) mentioned in the Complaint and the injuries and damages of the Plaintiff were caused in part by the negligence of the Plaintiff.  By reason of the premises and the provisions of N.J.S.A. 59:9-4, et seq., any damages sustained by the Plaintiff shall be diminished by the percentage of negligence attributable to the Plaintiff.

### THIRTIETH SEPARATE DEFENSE

This Defendant is a public entity within the meaning of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq., and, by virtue of the said New Jersey Tort Claims Act and its various provisions, this Defendant is not liable to any party herein and any recovery by any party herein is subject to the limitations set forth is said Act.

### THIRTY-FIRST SEPARATE DEFENSE

The damages recoverable in this action, if recoverable at all, are limited by the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq.

### THIRTY-SECOND SEPARATE DEFENSE

At all times mentioned in the Complaint, any and all actions or omissions of these parties relating in any way to Plaintiff's alleged damages involved decisions of this Defendant within an area of non-actionable governmental discretion.  By virtue of the said premises, this Defendant is not liable to any party herein.

### THIRTY-THIRD SEPARATE DEFENSE

Plaintiff's claim is limited by the doctrine of avoidable consequences.

### THIRTY-FOURTH SEPARATE DEFENSE

The Complaint fails to plead a cause of action under 42 U.S.C. §1983, since there was no deprivation of a Federal right, nor has Plaintiff shown that the acts or omissions were "under color of state law."

### THIRTY-FIFTH SEPARATE DEFENSE

The Plaintiff cannot establish a cause of action against this Defendant under 42 U.S.C. § 1983 or any of the tort claims alleged.

### THIRTY-SIXTH SEPARATE DEFENSE

There was no denial of procedural and/or substantive due process under the Fourteenth Amendment.

### THIRTY-SEVENTH SEPARATE DEFENSE

There was no deprivation of liberty without due process of law.

### THIRTY-EIGHTH SEPARATE DEFENSE

Assuming arguendo that the acts or omissions alleged constitute negligence, negligence is not a cause of action under 42 U.S.C. § 1983.

### THIRTY-NINTH SEPARATE DEFENSE

The acts or omissions alleged in the Complaint are cloaked by judicial, legislative, prosecutorial and/or witness immunity.

### FORTIETH SEPARATE DEFENSE

Defendants, if any, named in their individual capacities have qualified immunity from all of Plaintiff's claims.

**FORTY-FIRST SEPARATE DEFENSE**

In applying the "objectively reasonable" test or the "clearly established law" test, qualified immunity applies to the individual Defendants, if any.

**FORTY-SECOND SEPARATE DEFENSE**

Plaintiff has failed to prove malicious intent on the part of any Defendants sufficient to defeat a claim of qualified immunity.

**FORTY-THIRD SEPARATE DEFENSE**

Plaintiff has failed to prove the existence of actual damages and her claim is barred, since there is no compensation under 42 U.S.C. § 1983 merely for an "abstract" constitutional right.

**FORTY-FOURTH SEPARATE DEFENSE**

The claims against this Defendant is frivolous and groundless and do not set forth a cause of action under 42 U.S.C. §1983.  Pursuant to 42 U.S.C. §1988, this Defendant is entitled to counsel fees.

**FORTY-FIFTH SEPARATE DEFENSE**

This Defendant has not violated any of Plaintiff's constitutional, statutory, common law or other rights.

**FORTY-SIXTH SEPARATE DEFENSE**

Plaintiff's claims are time-barred by application of relevant statutes of limitation.

**FORTY-SEVENTH SEPARATE DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted.

## FORTY-EIGHTH SEPARATE DEFENSE

This Defendant reserves the right to plead, assert and rely on all proper affirmative defenses lawfully available, including those which may be disclosed or discovered through further assertions by Plaintiff or otherwise through discovery.

## DEMAND FOR DAMAGES

Attorneys for Plaintiff are hereby required and requested to furnish the undersigned within five (5) days with a written statement of the amount of damages claimed in this action.

## JURY DEMAND

The Defendant hereby demands trial by a jury as to all issues.

**METHFESSEL & WERBEL, ESQS.**
Attorneys for Belleville Board of Education

By:_____
Adam S. Weiss

DATED: October 24, 2014