NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORAINE GAMMARO, : | |
| : | Civil Action No. 14-5852 (JMV) |
| Plaintiff, : | |
| : | |
| v. : | OPINION AND ORDER |
| : | |
| BELLEVILLE BOARD OF : | |
| EDUCATION, et al., : | |
| : | |
| Defendants. : | |

**CLARK, Magistrate Judge**

Currently pending before the Court is Plaintiff Loraine Gammaro's ("Plaintiff") Motion for Leave to Amend her Complaint. [Docket Entry No. 42]. Defendant Belleville Board of Education ("Defendant") opposes Plaintiff's motion. [Docket Entry No. 46]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to this motion. The Court considers this motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons set forth more fully below, Plaintiff's Motion for Leave to File an Amended Complaint is **GRANTED**.

I. **BACKGROUND**

On August 27, 2017, Plaintiff filed her complaint in the Superior Court of New Jersey asserting claims for political retaliation, violations of the New Jersey Open Public Meetings Act, breach of contract, and violations of the New Jersey Law Against Discrimination. [Docket Entry No. 1]. Plaintiff's claims arise from Defendant's non-renewal of Plaintiff as a principal in the Belleville Public School District and subsequent demotion to a teaching position. [Docket Entry

No. 1]. Notably, Plaintiff alleges that these adverse actions were taken because: (1) Plaintiff took a paid vacation on May 13, 2014 to work at a Belleville polling location and (2) because her mother-in-law ran against the mayor of Belleville at that time. [Docket Entry No. 1]. On September 19, 2014, Defendant removed this action federal court.

Plaintiff now seeks to amend her complaint to include additional facts of ongoing violations of political retaliation and to include violations of the Conscientious Employee Protection Act ("CEPA"). Plaintiff claims that since the filing of the instant action, she has on several occasions applied for positions within the school district on the administrative level. In May and June 2015, Defendant posted a list of "Anticipated Positions Available" within the Belleville School District for the 2015-2016 school year. Plaintiff applied for these positions and was granted an interview on June 16, 2015 for all positions applied to. Plaintiff received no further interviews and was not offered any of these positions. The following year, positions were again posted for the 2016-2017 school year. Plaintiff again applied for the positions available. Plaintiff was given an interview for all of the positions on June 8, 2016, but did not hear back or receive any offers for these positions. Thereafter, on August 3, 2016, Defendant filed a letter with the Court stating that Plaintiff "is best qualified to remain employed within the District as a teacher." [Docket Entry No. 37]. Plaintiff now claims that this statement, coupled with her inability to receive a promotion, evidences continued political retaliation because "Plaintiff will never again hold an administrative position as a result of this lawsuit." As such, Plaintiff seeks to amend her Complaint to assert an additional claim under ("CEPA") and to plead additional factual allegations of occurrences that have transpired since the filing of the initial complaint.

Plaintiff argues that her motion is proper because there has been no undue delay, bad faith or dilatory motive in filing the instant motion. Plaintiff argues that the motion is timely because

2

soon after Defendant's August 3, 2016 letter, Plaintiff sought Defendant's consent to amend her Complaint. When consent was withheld, Plaintiff addressed the issue with the Court, by letter of September 15, 2016. [Docket Entry No. 40]. As a result, this Court held a conference with the parties on November 2, 2016, providing Plaintiff until December 2, 2016 to file her motion for leave to amend, which she complied with. Additionally, Plaintiff argues that Defendant would suffer no prejudice because dispositive motions have not been filed and no trial date has been set. Furthermore, any additional discovery would be limited solely to Plaintiff's interview process since her non-renewal as principal.

Defendant opposes Plaintiff's motion arguing that Plaintiff unduly delayed in bringing her motion to amend. Defendant argues that Plaintiff knew at the time of her deposition, on August 27, 2015, that she had been passed over for the 2015-2016 administrative positions. Yet Plaintiff failed to take any action for over a year. Defendant further argues that they would be prejudiced by the amendments because discovery ended in February 2016, further discovery on this issue would be costly, and Defendant has been preparing its motion for summary judgment. Finally, Defendant argues that Plaintiff's purported CEPA claim is futile—time-barred by the one-year statute of limitations.

## II. LEGAL STANDARD

Pursuant to FED. R. CIV. P. 15(a)(2), leave to amend the pleadings is generally granted freely.[1] *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

---

[1] Because Plaintiff filed her motion on December 2, 2016, the deadline set forth in the Court's November 2, 2016 Order, this motion is timely under Rule 16 of the Federal Rules of Civil Procedure.

3

the amendment, [or] futility of the amendment." *Id.* However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

Delay alone is insufficient to deny a request for leave to amend, *see Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d. Cir. 1984), but the moving party "must demonstrate that its delay in seeking to amend is satisfactorily explained." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotations omitted). Courts will deny a request for leave to amend where delay becomes undue, such as when its accommodation creates an "unwarranted burden on the court…[and] unfair burden on the opposing party." *Adams v. Gould*, 739 F.2d 858 at 868.

Prejudice will be considered "undue" when it rises to such a level that the non-moving party would be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence…" *Harrison*, 113 F.R.D. at 468 (internal quotations omitted). In evaluating the extent of any alleged prejudice, the court looks to the hardship on the non-moving party if the amendment were granted. *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001). "Specifically, [courts] have considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or theories." *Cureton*, 252 F.3d at 273. The court of appeals has stated that "prejudice to the non-moving party is the touchstone for the denial of…amendment." *See Cornell & Co. v. Occupational Safety and Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978); *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989).

### III.  DISCUSSION

At the outset, Defendant argues that Plaintiff's claims for retaliation are futile because they are barred by the statute of limitations. For CEPA claims, the statute of limitations is one year.

N.J. Stat. Ann. § 34:19-5.  In general, an act of retaliation is what perfects a CEPA claim.  A CEPA claim therefore accrues, and the one year limitations period begins to run, on the date of the retaliatory employment action that is the basis for the claim.  *Ivan v. County of Middlesex*, 595 F. Supp. 2d 425, 466-67 (D.N.J. 2009).  The "continuing violation" doctrine is "an equitable exception to the statute of limitations."  It provides that, where "an individual experiences a continual, cumulative pattern of tortious conduct," the limitations period may be tolled "until the wrongful action ceases."  *Roa v. Roa*, 200 N.J. 555 (N.J. 2010).  Thus the continuing violation doctrine "allows a plaintiff to pursue a claim for discriminatory conduct if he or she can demonstrate that each asserted act by a defendant is part of a pattern and at least one of those acts occurred within the statutory limitations period."  *Sarno v. Wal-Mart Stores E., L.P.*, No. CIV.A. 12-002075 JAP, 2012 U.S. Dist. LEXIS 165328, at *4 (D.N.J. Nov. 20, 2012) (quoting *Smith v. Twp. of E. Greenwich*, 519 F. Supp. 2d 493, 505 (D.N.J. 2007) (quotations and citations omitted)).  It is well settled that the continuing violation theory, which is common to antidiscrimination statutes, applies to CEPA.  *Green v. Jersey City Bd. of Educ.*, 177 N.J. 434, 828 A.2d 883, 891-92 (N.J. 2003).

Here, Defendant argues that Plaintiff's claims are beyond the applicable statute of limitations because she was aware, in August 2015, that she had not been hired for any administrative positions.  Hence, the latest time for Plaintiff to bring a claim under CEPA would be August of 2016.  What Defendant fails to address are the events connected with Plaintiff's applications for the 2016-2017 posted positions, occurring during the summer of 2016.  As it is unclear from the parties' briefing whether this conduct would be time-barred by the statute of limitations, the Court declines to deny Plaintiff's motion on this basis.

Turning to Defendants remaining arguments, the Court finds no basis to deny Plaintiff's motion to amend. Defendant claims that Plaintiff unduly delayed in seeking to amend her Complaint. The crux of Defendant's timeliness argument is that Plaintiff knew as early as August of 2015 that she did not receive any of the positions for the 2015-2016 school term. She then waited a whole year to seek to amend her Complaint. The Court does not find this argument persuasive. First, additional events occurred after August 2015 which gave credence to Plaintiff's retaliation claims. Notably, Plaintiff applied for, and was not offered administrative positions during the 2016-2017 school year. Second, Plaintiff indicates that she did not become certain of this retaliation until it became clear that Defendant would not promote her beyond the position of teacher. That clarity occurred on August 3, 2016 when Defendant outright stated that Plaintiff "is best qualified to remain employed within the District as a teacher." Plaintiff quickly thereafter sought to amend her Complaint. Because a claim under CEPA may necessitate a showing of a pattern and practice of retaliation, the Court does not find Plaintiff's explanation unreasonable. As such, the Court does not find undue delay on the part of Plaintiff.

Finally, any prejudice suffered by Defendant would not unfairly disadvantage or deprive it of the opportunity to present facts or evidence. While fact discovery has been closed, dispositive motions have not been filed. Moreover, any additional discovery would be limited to Plaintiff's interview process for the 2015-2016 and 2016-2017 school years. As these occurrences are causally connected to the events forming the basis of this litigation, Defendant would be far more prejudiced if required to litigate these new claims in a separate action. Notably, Defendant would face increased costs arising from discovery if these allegations are litigated in a separate action. Accordingly, the Court does not find any prejudice to Defendant if Plaintiff is permitted to amend his Complaint at this time.

## IV. CONCLUSION

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 19th day of July, 2017,

**ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall file the proposed Amended Complaint within **seven (7) days** of this Order; and it is further

**ORDERED** that all of the Defendants shall file a response to the Amended Complaint **within fourteen (14) days** of the filing of the Amended Complaint; and it is further

**ORDERED** that the Clerk of the Court terminate the aforementioned motion [Docket Entry No. 42].

                                                                            s/James B. Clark, III
                                                                            **HONORABLE JAMES B. CLARK, III**
                                                                            **UNITED STATES MAGISTRATE JUDGE**